LENA RUSSELL, Administratrix, Appellee, v. SIOUX CITY GAS & ELECTRIC COMPANY, Appellant.

No. 42480.

JUNE 23, 1934.

Jepson, Struble & Sifford, for appellant.

Robert Pike and C. R. Jones, for appellee.

EVANS, J.—█ From the foregoing statement, it will be apparent that the case has heretofore given us abundant trouble. Upon the first appeal we gave it an unusual degree of consideration, and reached our conclusions thereon after considerable difference of opinion and much debate. The same questions that confronted us then are presented to us again. Concededly, our holding on the former appeal has become the law of the case and was binding upon the trial court in the second trial unless the evidence upon the second trial be materially different from the evidence on the first. The appellant does not purport to have introduced any new evidence on the second trial. It was not necessarily requisite that it should. It was, and is, requisite that the evidence introduced whether by one party or by the other should as a whole be materially different in order to escape the adjudication on the first appeal. We will not repeat the facts herein, nor rehearse the former testimony. The full record of the case may be found in the citations here given. The appellant insists that the facts are materially different, but it finds grave difficulty in pointing out the evidence where the difference is said to be. The only specific evidence pointed out by the appellant as differentiating the present record from the former one is the following:

"Q. And you remember explicitly warning Mr. Russell after putting it in the ditch that it was a hot wire and might knock him down? A. I did.

"Q. Did you mention it more than once to him there? A. We mentioned it there several times."

The foregoing was a part of the evidence of the witness, Reisdorph, city inspector. The testimony of this witness was introduced by the plaintiff at both trials. The quoted testimony has reference to warnings given to the deceased, or in his presence, by the wit-

ness. The defendant interprets the foregoing testimony of this witness to mean that the witness repeatedly warned the decedent *up' to the time of the accident.* We do not think that anything may be added to the evidence by mere interpretation. If the evidence of a witness is subject to contradictory interpretations, it should ordinarily be interpreted by the witness himself before the record is closed. This is not a case of contradictory interpretation. It is simply a case of adding to the testimony of the witness, by mere implication, something that the witness did not say. Without the implication, the evidence in the two records is identical. May that identity be destroyed by mere implication or interpretation? We think not.

The defendant-company had been notified of the break in its wire at 8 o'clock in the morning and had responded to the notice with the statement that it would be cared for. What was naturally expected was that the company would cut off its power until the repair could be made. Whether that was a reasonable expectation and whether a third party might reasonably be lulled thereby, to less watchfulness, after a reasonable period of time, would be a question that would naturally arise to be decided either by judge or by jury. This accident did not happen until 9:30. Just what the testimony of this witness was on the former trial was not made to appear at this trial; unless it be that his testimony at the first trial was read into the evidence upon the present trial. It appears that at least some of the evidence in the former trial was so reintroduced into the present one. But if it be true that the evidence of this witness on the first trial was read into the evidence on the second, then the identity of the evidence on the two trials is necessarily established. Concededly we may not properly ignore our holding upon the former appeal and hold to the contrary on this one unless we find a material difference in the evidence in the two records. We do not find such difference. That being so, the trial judge was justified in instructing the jury in accord with our former opinion. He would not be justified in following the contrary course. If he could not have properly directed a verdict on the ground of contributory negligence, neither can we reverse his ruling in not so directing a verdict. Rulings must become final some time, even upon questions that are difficult and perpetually debatable. We adhere, therefore, to our holding on the former appeal.

II. Appellee has filed a motion for a penalty of 15 per cent to be assessed under the statute against the appellant for hav-

ing prosecuted a frivolous appeal. The motion was ordered submitted with the case. The appellee relies upon the finality of our former holding as a sufficient demonstration of the frivolity of the present appeal. The appeal has in fact been prosecuted in good faith. Its importunities are naturally characteristic of all litigation. Litigation, like other forms of life, dies only with its last breath. This is particularly so where the decisive features are close and doubtful. The motion for penalty will be overruled.

The judgment below is affirmed.

All Justices concur, except ANDERSON, J., who takes no part.